ARCADIO ESTRADA LINARES, Appellant, *v.* REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 1182. Submitted February 27, 1946.—Decided April 29, 1946.

*Héctor Reichard* for appellant.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Appellant herein, owner of two rural properties adjacent to each other, consolidated them to form one property by public deed of August 30, 1945, and by an explanatory deed of October 11, 1945. The two original properties had an area of thirty-six and ten acres (*cuerdas*) respectively. Upon being surveyed for the purpose of joining them they presented

an area of sixty-seven and odd acres. In order to make the survey and draw the corresponding plat, Ramón J. Ramírez, the surveyor, summoned all the adjacent owners and certified:

"That the survey of said properties taken as one sole property, as described in the preceding paragraph, is the true and exact area thereof and that the survey was made upon summoning the adjacent owners, Cosme Vargas, Maximino Riesgo, Pedro Irizarry, Pablo E. Rodríguez and the Heirs of Elizardi, by their representative Antonio Elizardi and the Puerto Rico Reconstruction Administration, by its representative and administrator Guillermo Esteves, who agreed to said area and description, stating that the excess in area did not prejudice them by any means and that they formally consent to the recordation of that area in the registry of property."

Upon presenting the deed and the survey certificate in the registry, the registrar stated the following in his note:

"This document is hereby recorded together with the explanatory deed, a plat, and the complementary one as to the fifty-five and twenty hundredths acres (55.20) that is, with respect to the original area of the joined properties plus 20 per cent thereof and record is denied with respect to the excess in area up to 67.802 acres, that is, as to the 12.602 acres inasmuch as said twelve and six hundred and two thousandths acres exceed said 20 per cent, and instead a cautionary notice is entered for a 120 days as to said excess, . . . . ."

Appellant contends that the case at bar is governed by our decisions in *Land Authority* v. *Registrar*, 62 P.R.R. 483, and *Gayá* v. *Registrar*, 63 P.R.R. 769, wherein we held that the excess presented in the area of a property by means of a survey may be recorded when a certificate from the surveyor attesting to the fact of such survey and of the summoning of the adjacent owners is presented together with the title.

This is true, but in the former case the excess in the area was much less than 20 per cent and we expressly stated that it could be recorded "without the need of resorting to a dominion title proceeding" and in the latter case the registrar merely stated that the adjacent landowners should appear in

the deed and accept the existence of the excess and we held that this was not necessary. No stress was laid by the registrar in the *Gayá* case on the question that the excess in the area was greater than 20 per cent, possibly because it was only eighty-eight thousandths (.088) of an acre.

In the case at bar, however, the excess of 20 per cent reaches twelve and six hundred and two thousandths (12.602) acres and the only question raised by the registrar is that although our decisions in said cases, as well as in *Pellón* v. *Registrar,* 53 P.R.R. 501 and *Muriente* v. *Registrar,* 47 P.R.R. 232, authorized the registrar to record an excess in the area of less than 20 per cent, when the surveyor has summoned the adjacent owners when making the survey, still those cases are not authority to support the theory that even if compliance is had with said requirement, the registrar may record it when the excess is greater than 20 per cent of the area of the property.

The registrar is correct. We have never held that the record of any excess in the area of a property or of a lot again surveyed is proper, but the scope of our decision has been confined to those cases where the difference in the area is of slight importance, the maximum difference being limited to 20 per cent, *Ripoll* v. *Registrar,* 40 P.R.R. 776, where it was held, copying from the syllabus, that "Regardless of whether the properties included in a deed of consolidation and sale sought to be recorded are large or small, if after a survey of such properties the actual aggregate area thereof is shown to exceed the total recorded area of such properties in an amount not greater than *20 per cent,* such an excess is recordable without the necessity of resorting to the supplementary remedies authorized by the Mortgage Law." (Italics ours.) See also *Cobb* v. *Registrar,* 12 P.R.R. 211; *Figueroa* v. *Registrar of Arecibo,* 22 P.R.R. 612; *Valladares* v. *Registrar,* 23 P.R.R. 43; *Delgado* v. *Registrar of Arecibo,* 29 P.R.R. 807.

The note appealed from must be affirmed.